MICHAEL R. SCOLNICK (MS9984)
**Michael R. Scolnick, P.C.**
420 Route 59, 1ˢᵗ Floor
Airmont, New York 10952
Telephone: 845-354-9339
Fax: 845-365-1506
*Attorneys for the Plaintiff*

# United States District Court

Southern District of New York

JOSEPH RIVAS,

       Plaintiff,

-against-

CITY OF NEW YORK, DETECTIVE SCOTT PURCELL
and DETECTIVE ANDREW LENSKI, "JOHN DOE,"
"RICHARD ROE," and "HENRY HOE," names
being fictitious, true names being unknown to
plaintiff, persons intended being officers of the
NYPD who were involved in the arrests of plaintiff,
as herein alleged,

       Defendants

PLAINTIFF DEMANDS
A TRIAL BY JURY

Civil Action
No_____
COMPLAINT FOR
DAMAGES-
False Arrest; Malicious
Prosecution; Assault; Battery
42 U.S.C. 1981,1983, 1985

## PRELIMINARY STATEMENT

1.    This is an action for compensatory damages ONLY against the **CITY OF NEW YORK**

(hereinafter **CITY**), and for compensatory and punitive damages against its employees,

**DETECTIVE SCOTT PURCELL** (hereinafter **PURCELL**) and **DETECTIVE**

**ANDREW LENSKI** (hereinafter **LENSKI**), both, upon information and belief, assigned to

the New York City Police Department (hereinafter NYPD) Narcotics Bureau, and both being

agents, servants and/or employees of defendant **CITY**, as well as **"JOHN DOE,"** **"RICHARD ROE,"** and **"HENRY HOE,"** (hereinafter **DOE, ROE,** and **HOE**) names being fictitious, true names being unknown to plaintiff, persons intended being officers of the NYPD who, along with PURCELL and LENSKI, participated in the arrests, detentions and prosecutions of plaintiff, **JOSEPH RIVAS** on September 11, 2007, at approximately 2:30PM and again on, and continuing to and beyond, September 1, 2009, in the afternoon, to and including December 21, 2009, and continuing to date.

2    On September 11, 2007, at approximately 2:30PM and again on, and continuing to and beyond, September 1, 2009, in the afternoon, to and including December 21, 2009, and continuing to date, defendants **PURCELL, LENSKI, DOE, ROE,** and **HOE,** supervisors, detectives, investigators, and/or police officers of the defendant **CITY**, acting in concert with each other and with Defendant **CITY**, under color of state law, intentionally and wilfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment, detention, illegal search and seizure, deprivation of property, deprivation of his right to due process, assault, battery, filing of false reports, and malicious prosecution for acts of which plaintiff was innocent.

## JURISDICTION

3.    This action is brought pursuant to 28 U.S.C. Section 1331, 1343, and 1367(a), 42 U.S.C. Sections 1981, 1983 and 1985, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of

the State of New York. Pendent jurisdiction, pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

4. Venue is laid within the United States District Court for the Southern District of New York in that the defendant **CITY** is located within, and a substantial part of the events giving rise to the claim occurred within, the boundaries of the Southern District of New York.

## PARTIES

5. At all times relevant hereto, Plaintiff **JOSEPH RIVAS** was and is a citizen of the United States, and resided in the County of Bronx, City and State of New York.

6. At all times relevant hereto, Defendant **CITY** was a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

7. At all times relevant hereto, The New York City Police Department, and its Narcotics Bureau, were subdivisions, departments, agencies, or task forces, of Defendant **CITY**.

8. At all times relevant hereto, **PURCELL, LENSKI, DOE, ROE, and HOE,** were employees of Defendant **CITY**, duly appointed and acting as detectives and police officers in the New York City Police Department (NYPD) and/or Narcotics Bureau and were agents, servants and/or employees of defendant **CITY**, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

9. At all times relevant hereto, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant **CITY** and of the State of New York.

-3-

## NOTICE OF CLAIM

10.    Upon information and belief, within 90 days, or within another lawful period, following the successful termination of the prosecution of plaintiff arising from this incident, plaintiff filed written Notice of Claim with Defendant **CITY**, naming, as well, Defendants **PURCELL** and **LENSKI**. This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

11.    At all times relevant hereto, **JOSEPH RIVAS** was and  is the owner of a business known as Computer Doctor, located at 597 East 138th Street, in the County of Bronx, City and State of New York. This company was and is engaged in the business of repairing computers as well as selling electronics and re-furbished computers.

12.    On or about September 11, 2007, at about 5:00 p.m., as **RIVAS** was driving a motor vehicle, also occupied by his passenger, one Edwin Carmona, on East 146th Street, east of its intersection with Third Avenue, in the County of Bronx, City and State of New York, one, some, or all of the individual defendants, officers of the NYPD, wrongfully and unlawfully stopped **RIVAS**'s vehicle, claiming falsely that **RIVAS** made an illegal turn in the vehicle.

13.    One, some, or all of the individual defendants, (hereinafter referred to as "the individual defendants") then ordered both **RIVAS** and his passenger, Edwin Carmona, out of the vehicle, hand-cuffed them and put both **RIVAS** and Carmona into a waiting mini-van.

14.    **RIVAS**'s vehicle was then and there unconstitutionally, unlawfully, and wrongfully searched and dismantled by the individual defendants, but nothing illegal was discovered by that search.

15.    Carmona, who, upon information and belief, was not in good health, began to develop

breathing problems. The individual defendants then and there released Carmona, gave him the keys to **RIVAS**'s vehicle and told him to leave.

16. The individual defendants held **RIVAS** at the scene, arrested him, searched him, and transported him to the NYPD police precinct in the area of the Bruckner Expressway, upon information and belief, the 41st Precinct.

17. Defendants **PURCELL** and/or **LENSKI** told Plaintiff **RIVAS** that one Oscar Casillas, a customer of claimant's computer business, had been arrested with 50kg. of drugs in his possession.

18. Defendants **PURCELL** and/or **LENSKI** wrongly and falsely stated that plaintiff **RIVAS** was alone in his vehicle when they stopped him (i.e., that Carmona was not there with him) and they then accused **RIVAS** of "International drug trafficking activities."

19. **PURCELL** and/or **LENSKI** falsely and wrongfully accused plaintiff, in a Criminal Court Complaint, (2007QN050563, 564, 565 and 566, a copy of which is attached hereto as Exhibit A) of violation of the following sections of the Penal Law of the State of New York:

> 220.21-1 Criminal Possession of a Controlled Substance in the First Degree;
>
> 220.16-1 Criminal Possession of a Controlled Substance in the Third Degree;
>
> 470.15-2a Money Laundering in the Second Degree;
>
> 105.15 Conspiracy in the Second Degree;
>
> VTL 1163-A Turning Movements and Required Signals.

20. Upon information and belief, **PURCELL** and/or **LENSKI** falsely and wrongfully alleged in that complaint, and falsely and wrongfully testified before two Grand Juries, and at one trial of the charges against plaintiff, that one Ivan Garcia was found near **RIVAS'** store with

-5-

$50,000.00 in cash, and falsely alleged and testified that Garcia claimed he was meeting RIVAS, allegedly because previously, on some unknown date in Queens, there was a sale of 50 kg. of drugs on credit, and now Garcia was meeting RIVAS to pay RIVAS back.

21.    Garcia has stated not only that he never made these statements, but testified that he never met or heard of Mr. RIVAS. (See Exhibit B attached hereto).

22.    PURCELL and/or LENSKI then falsely and wrongfully alleged and testified that one of RIVAS's customers, Mr. David Figueroa, on September 11, 2007, dropped a bag off at plaintiff RIVAS's place of business that non-specifically "contained something illegal." Attached hereto as Exhibit "C" is the statement of David Figueroa refuting this false accusation.

23.    On or about November 21, 2007, a Grand Jury of the County of Queens voted indictment No. QN10973/2007, indicting plaintiff RIVAS, among others, charging him with violations of the following sections of the Penal Law of the State of New York:

 220.21-1 Criminal Possession of a Controlled Substance in the First Degree;

 220.16-1 Criminal Possession of a Controlled Substance in the Third Degree;

 470.15-2a Money Laundering in the Second Degree;

 105.15 Conspiracy in the Second Degree.

A copy of that Indictment is attached hereto as Exhibit D.

24.    On December 6, 2007 that indictment was filed in Queens County Supreme Court.

25.    In support of these charges, and forming the basis for the Grand Jury's indictment of plaintiff, upon information and belief, the individual defendants testified falsely and wrongfully regarding a number of acts that they alleged involved criminal wrongdoing by the plaintiff.

-6-

26. They testified falsely that on July 24, 2007 the plaintiff and another, also indicted, transferred an amount of United States Currency to an unidentified male in Queens County.

27. They testified falsely that on August 4, 2007 the plaintiff and another, also indicted, had a telephone conversation regarding a shipment of cocaine.

28. They testified falsely that on August 22, 2007 the plaintiff and another, also indicted, had a telephone conversation in which they discussed the sale of cocaine.

29. They testified falsely that on August 22, 2007 the plaintiff and another, unidentified male, had a telephone conversation in which they discussed the purchase of cocaine.

30. They testified falsely that on August 24, 2007 the plaintiff left a telephone message for another, also indicted, during which plaintiff discussed storing a quantity of cocaine.

31. They testified falsely that on August 24, 2007 the plaintiff and another, also indicted, had a telephone conversation in which plaintiff asked the other to store a quantity of cocaine at his home.

32. They testified falsely that on September 7, 2007, the plaintiff and another, also indicted, had a telephone conversation in which they discussed the storage of a quantity of cocaine.

33. They testified falsely that on September 11, 2007 another, also indicted, transferred to the plaintiff a quantity of United States Currency.

34. They testified falsely that on September 11, 2007, the plaintiff arrived at the residence of another, also indicted, to pick up a quantity of cocaine.

35. They testified falsely that on September 11, 2007, an apprehended other male, Ivan Garcia, arrived at the address of plaintiff's place of business "to deliver over $59,000 United States Currency to Joseph Rivas."

36.   They testified falsely that on September 12, 2007 "cocaine packaging," and "records of narcotics transactions" were recovered from plaintiff's store.

37.   They admitted, however, that on September 13, 2007 "an excess of $24,000 was recovered ("wrongfully seized," as alleged by plaintiff) from an account in the name of 'Computer Doctor,'" plaintiff's business name.

38.   Following his arrest Plaintiff **JOSEPH RIVAS** was transferred to Central Booking in Queens where he was held on $1,000,000.00 bail (which he could not pay).

39.   Plaintiff's incarceration continued until on January 7, 2009, following a non-jury trial in the Supreme Court of the State of New York, Criminal Division, County of Queens, all the charges against Plaintiff were dismissed because the prosecution failed to prove that any sale or illegal activities by the Plaintiff took place in the Queens jurisdiction.

40.   In his decision dismissing all charges against Plaintiff **RIVAS**, Hon. John B. Latella, Justice of the Supreme Court of the State of New York, County of Queens, made the following observation: " ... as finder of fact I specifically do not credit the testimony of Detective Scott Purcell concerning the black object he allegedly saw being placed in the Dell computer box in the size and shape of a stack of money..."

41.   During his incarceration awaiting trial, Plaintiff **RIVAS** was held for one week on the prison barge in the Bronx, and for sixteen months on Rikers Island.

42.   Six months after the charges against plaintiff in Queens were dismissed, and on July 30, 2009 **RIVAS** was indicted again (Indictment No. 3785/2009) on the exact same charges and incident, this time by the Grand Jury of the Special Narcotics Court of the City of New York, in New York County. A copy of that Indictment is attached hereto as Exhibit E.

43.   Upon information and belief, **PURCELL** and/or **LENSKI** again falsely and wrongfully alleged and testified to the same acts hereinabove alleged in paragraphs 26 through 36 of this complaint, again forming the basis for the Grand Jury's second indictment of plaintiff.

44.   Plaintiff **RIVAS** was arrested on September 1, 2009 by **LENSKI** and others in his unit, and arraigned on September 3, 2009.

45.   Charges against **RIVAS** were dismissed by New York County Supreme Court, Criminal Division Judge Laura A Ward on November 5, 2009, finding that "The People's failure, since January 7, 2009, to indicate that they were ready to try the defendant, requires dismissal pursuant to C.P.L. §§ 30.30(1)(a) and 210(1)(g)."

46.   For the second arrest **RIVAS** was held an additional month and a half, two weeks in Manhattan and another month at Rikers Island before he was released on bail.

47.   On September 11, 2007, at approximately 2:30PM and again on September 1, 2009, in the afternoon, **LENSKI** and **PURCELL** and officers of the New York City Police Department and the Narcotics Bureau and police officers, agents, servants and/or employees of Defendant **CITY**, without reasonable suspicion to stop or detain, and without just, reasonable, lawful or proper probable cause to arrest, arrested the plaintiff.

48.   Upon information and belief, defendants **LENSKI** and **PURCELL**, and the remaining individual defendants, police officers, agents, servants and/or employees of defendant **CITY**, wrongfully and improperly stopped, detained and arrested plaintiff **RIVAS** in regard to crimes which had nothing to do with plaintiff.

49.   Upon information and belief, police officers **LENSKI and PURCELL**, police officers, agents, servants and/or employees of defendant **CITY**, wrongfully and improperly stopped,

detained and arrested plaintiff **RIVAS** in regard to a crime which had nothing to do with plaintiff because plaintiff is of Hispanic heritage.

50.    Upon information and belief, **LENSKI** and **PURCELL**, and the remaining individual defendants, police officers, agents, servants and/or employees of defendant **CITY**, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, and with deliberate indifference to the constitutional rights of plaintiff, stopped, detained, and arrested plaintiff **RIVAS** when it was not right, just, lawful, proper, or necessary to do so.

51.    Upon information and belief, and without proof that plaintiff **RIVAS** was in any way connected or related to a crime, and without reasonable suspicion to stop him, nor probable cause to detain or arrest him, defendant **CITY's** police officers, agents, servants and/or employees, the individual defendants herein named, including **LENSKI** and **PURCELL**, individually and acting in concert, knowingly, unlawfully and wrongfully fabricated felony charges against the plaintiff and set it forth in a false and fabricated felony criminal complaint, and two indictments, as well as trial testimony, all falsely sworn to by defendants.

52.    Based upon the false felony criminal complaint prepared, upon information and belief, by the defendants, and signed by defendants, the Criminal Court of the City of New York arraigned plaintiff **JOSEPH RIVAS** on the above charges.

53.    On September 11, 2007, and again on September 1, 2009, the individual defendants, employees of defendant **CITY**, including **LENSKI** and **PURCELL**, police officers, agents, servants and/or employees of acting in concert, maliciously and with intent to injure plaintiff **RIVAS**, within the scope of their employment, and without just cause or any right to do so,

-10-

handcuffed him, strip searched him, seized his property and jailed and detained him there and restrained him of his liberty, against the will of the plaintiff.

54.  At no time did the plaintiff offer resistance as the police officers **LENSKI** and **PURCELL** arrested him. The arrest of the plaintiff by the individual defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

55.  Defendants acted maliciously and intentionally. On account of the unlawful and wrongful acts of the defendants, herein alleged, Plaintiff was thereupon and thereafter detained and restrained of his liberty and freedom, and was confined in facilities of Defendant **CITY**, and he was permanently deprived of his property, deprived of his money, caused to shut down his business, caused to default on business deals, incurred rental costs for his store, which did not operate in his absence, all without just cause and without due process of law.

56.  Plaintiff **RIVAS** was falsely imprisoned for almost eighteen (18) months on account of the wrongdoing of the NYPD.

57.  Plaintiff **RIVAS** incurred and expended in excess of $27,000.00 in legal fees in his defense.

58.  Plaintiff **RIVAS** incurred 17 months of rent payments for a store that did not operate while **RIVAS** was incarcerated, totaling $17,390.00.

59.  The police further confiscated over 80 computers and other electronics, in the approximate total value of $1,500.00, as well as $24,000.00 in funds taken from Plaintiff **RIVAS**'s business account, and cash money, taken from the cash register at the store, in the approximate sum of $3,000.00.

60.  The total extent of the financial damages is yet to be determined, however, holds were put on his business accounts for well over 2 years so that Plaintiff **RIVAS** could not perform any

business or financial transactions. This resulted in claims against Plaintiff **RIVAS** for not completing while incarcerated transactions he had begun previous to that.

61.    The known pecuniary damages total $74,390.00 (excluding the claims for loss of business.)The claimant estimates his loss of business revenue during the two (2) years his store was out of operation at about $200,000.00, and damaged electronic goods at his store on account of a police search at another $100,000.00.

62.    While Plaintiff was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts of the defendants, plaintiff **RIVAS** was forced to return to court on multiple occasions, appearing in public, and before the public, as a defendant, a person accused of serious criminal acts, acts of which the plaintiff was not guilty.

63.    The charges against plaintiff **RIVAS** were disposed of, in his favor, by being dismissed outright, on January 7, 2009 and again on November 5, 2009.

64.    As a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent damages including, but not limited to: Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person, Violation of his constitutional rights under the First Amendments to the United States Constitution, embarrassment, humiliation, loss of liberty, duress, pain, and anxiety, emotional distress, mental anguish, loss of income, loss of business, damage to his credit, and to his standing in his community.

65.    The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiff: Freedom from the unreasonable seizure of his person and property. Freedom from the use of excessive, unreasonable and unjustified force

-12-

ʂ

against a person. Freedom from malicious prosecution, freedom from false arrest and imprisonment.

### FIRST COUNT
### (42 U.S.C. SECTIONS 1981, 1983 and 1985 AGAINST INDIVIDUAL DEFENDANTS)

66.    Paragraphs 1 through 65 are incorporated herein by reference. Defendants, acting in concert and under the color of state law, have deprived plaintiff **RIVAS** of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. Sections 1981, 1983 and 1985. As a result, plaintiff **RIVAS** claims damages for the injuries set forth above.

### SECOND COUNT
### (ASSAULT AGAINST INDIVIDUAL DEFENDANTS)

67.    Paragraphs 1 through 65 are incorporated herein by reference. Upon approaching plaintiff **RIVAS** and handcuffing, searching and arresting him, defendants **CITY, PURCELL** and **LENSKI**, acting in concert, made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching. As a result of that assault, plaintiff **RIVAS** claims damages for the injuries set forth above.

### THIRD COUNT
### (BATTERY AGAINST INDIVIDUAL DEFENDANTS )

68.    Paragraphs 1 through 65 are incorporated herein by reference. Defendants **CITY, LENSKI** and **PURCELL**, acting in concert, placed hands on plaintiff **JOSEPH RIVAS** and handcuffed him. As a result of the battery, plaintiff **JOSEPH RIVAS** claims damages for the injuries set forth above.

## FOURTH COUNT
### (MALICIOUS PROSECUTION AGAINST INDIVIDUAL DEFENDANTS)

69.   Paragraphs 1 through 65 are incorporated herein by reference. The individual defendants, acting in concert, knowingly, intentionally, and maliciously caused multiple false criminal accusatory instruments (criminal court complaint and two indictments) to be filed against plaintiff **JOSEPH RIVAS**. As a result of the malicious prosecution implemented by the individual defendants plaintiff **JOSEPH RIVAS** claims damages for the injuries set forth above.

## FIFTH COUNT
### (FALSE ARREST & IMPRISONMENT AGAINST INDIVIDUAL DEFENDANTS)

70.   Paragraphs 1 through 65 are incorporated herein by reference. Defendants subjected plaintiff **JOSEPH RIVAS** to false arrest, imprisonment, and deprivation of liberty without probable cause. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff **JOSEPH RIVAS** claims damages for the injuries set forth above.

## SIXTH COUNT
### (SEIZURE OF PERSONAL PROPERTY)

71.   Paragraphs 1 through 65 are incorporated herein by reference.

72.   Defendants subjected plaintiff **JOSEPH RIVAS** to seizure and loss of his personal property, to wit, $27,000.00 in legal fees in his defense, 17 months of rent payments for a store that did not operate while **Rivas** was incarcerated, totaling $17,390.00, over 80 computers and other electronics, in the approximate total value of $1,500.00, as well as $24,000.00 in funds taken from **RIVAS**'s business account, cash money, taken from the cash register at the store, in the approximate sum of $3,000.00 and plaintiff's Cuban link gold chain was taken from him and never returned, in the value of about $1,500.00. None of this has ever been recovered. As a

result of the wrongful and unlawful seizure and deprivation of personal property, plaintiff
**JOSEPH RIVAS** claims damages for the injuries set forth above.

**SEVENTH COUNT**
**(MUNICIPAL LIABILITY AGAINST DEFENDANT - *RESPONDEAT SUPERIOR*)**

73.    Paragraphs 1 through 72 are incorporated herein by reference. Defendant **CITY** is liable for
the damages suffered by the plaintiff **JOSEPH RIVAS** as a result of the conduct of their
agents, servants and employees, under the doctrine of *respondeat superior.* Defendant **CITY**,
by its agents, servants and employees, subjected plaintiff **JOSEPH RIVAS** to false arrest,
assault, battery, false imprisonment, malicious prosecution, embarrassment, shame and public
humiliation, duress and pain and loss of personal property. As a result plaintiff **JOSEPH
RIVAS** claims damages against defendants for the injuries set forth above.

**EIGHTH COUNT**
**(MUNICIPAL LIABILITY AGAINST MUNICIPAL DEFENDANTS**
**42 U.S.C. SECTION 1983-MONELL)**

74.    Paragraphs 1 through 73 are incorporated herein by reference. Defendant **CITY** knew or
should have known of its employees', agents', or servants' propensity to engage in the illegal
and wrongful acts detailed above. Prior to September 11, 2007, defendant **CITY** developed
and maintained policies and/or customs exhibiting deliberate indifference to the constitutional
rights of persons in the City of New York, which policies and/or customs caused the violation
of plaintiff **JOSEPH RIVAS's** rights. Upon information and belief, it was the policy and/or
custom of defendant **CITY** to improperly and inadequately investigate citizen complaints of
police misconduct, and acts of misconduct were instead tolerated by defendant **CITY**,
including, but not limited to incidents where defendants and their supervisors have in the past

-15-

falsely arrested individuals without probable cause, improperly held and/or detained such individuals without probable cause, and made, and allowed other fellow police officers and others of its employees to make, false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to testify falsely (it even has its own nickname, "testilying") to cover up and hide their wrongful conduct.It was the policy and/or custom of defendant **CITY** to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The **CITY** did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.As a result of the above described policies and/or customs, police officers of the **CITY** believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.The above policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the **CITY** to the constitutional rights of persons within the **CITY**, and were the cause of the violations of plaintiff's rights alleged herein. As a result of the wrongful, deliberately indifferent and illegal acts of defendants **CITY, LENSKI and PURCELL** plaintiff **JOSEPH RIVAS** claims damages against defendant **CITY** for the injuries set forth above.

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally for compensatory damages on each Count; for punitive damages on each Count against individual defendants; awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

-16-

## JURY DEMAND

Plaintiff demands a trial by jury.

Airmont, New York
This 5 day of January, 2012

Michael R. Scolnick, P.C.

By: _____

Michael R. Scolnick          MS9984
Attorneys for plaintiff
420 Route 59, First Floor
Airmont, New York 10952
Phone: (845) 354-9339
Fax:(845) 365-1506
E-Mail: Scollaw@optonline.net

-17-