# INDICTMENT

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

---

THE PEOPLE OF THE STATE OF NEW YORK

AGAINST

FILED:
INDICTMENT NO. QN10973/2007.

XJ.  OSCAR CASILLAS
     DEFENDANT
        2007QN050563
           NYSID # 2641774L

XJ.  JOSEPH RIVAS
     DEFENDANT
        2007QN050564
           NYSID # 1475096Z

XJ.  GAMALIER SILVA
     DEFENDANT
        2007QN050565
           NYSID # 3877870Y

XJ.  DAVID FIGUEROA
     DEFENDANT
        2007QN050567
           NYSID # 2641781N

---

| Statute | Charge | Defendants |
|---|---|---|
| 220.21-1 | CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FIRST DEGREE (1) | (CASILLAS, OSCAR) (RIVAS, JOSEPH) (SILVA, GAMALIER) (FIGUEROA, DAVID) |
| 220.16-1 | CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE (2) | (CASILLAS, OSCAR) (RIVAS, JOSEPH) (SILVA, GAMALIER) (FIGUEROA, DAVID) |
| 470.15-2a | MONEY LAUNDERING IN THE SECOND DEGREE (3) | (CASILLAS, OSCAR) (RIVAS, JOSEPH) (SILVA, GAMALIER) (FIGUEROA, DAVID) |
| 220.03 | CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVENTH DEGREE (4) | (CASLLAS, OSCAR) |
| 105.15 | CONSPIRACY IN THE SECOND DEGREE (5) | (CASILLAS, OSCAR) (RIVAS, JOSEPH) (SILVA, GAMALIER) (FIGUEROA, DAVID) |

A TRUE BILL

_____                                    DISTRICT ATTORNEY
FOREMAN

FIRST COUNT

THE GRAND JURY OF THE COUNTY OF QUEENS BY THIS INDICTMENT, ACCUSE THE DEFENDANTS OF THE CRIME OF CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FIRST DEGREE COMMITTED AS FOLLOWS:

THE DEFENDANT, EACH AIDING THE OTHER AND ACTING IN CONCERT WITH OTHER PERSONS, ON OR ABOUT SEPTEMBER 11, 2007, IN THE COUNTY OF BRONX, COUNTY OF QUEENS, AND ELSEWHERE IN THE STATE OF NEW YORK, KNOWINGLY AND UNLAWFULLY POSSESSED ONE OR MORE PREPARATIONS, COMPOUNDS, MIXTURES OR SUBSTANCES CONTAINING A NARCOTIC DRUG, TO WIT: COCAINE AND SAID PREPARATIONS, COMPOUNDS, MIXTURES OR SUBSTANCES WERE OF AN AGGREGATE WEIGHT OF EIGHT OUNCES OR MORE.

SECOND COUNT

THE GRAND JURY OF THE COUNTY OF QUEENS BY THIS INDICTMENT, ACCUSE THE DEFENDANTS OF THE CRIME OF CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE COMMITTED AS FOLLOWS:

THE DEFENDANTS, EACH AIDING THE OTHER AND ACTING IN CONCERT WITH OTHER PERSONS, ON OR ABOUT SEPTEMBER 11, 2007, IN THE COUNTY OF BRONX, COUNTY OF QUEENS, AND ELSEWHERE IN THE STATE OF NEW YORK, KNOWINGLY AND UNLAWFULLY POSSESSED A NARCOTIC DRUG,

TO WIT: COCAINE, WITH INTENT TO SELL THE SAME.

### THIRD COUNT

THE GRAND JURY OF THE COUNTY OF QUEENS BY THIS INDICTMENT, ACCUSE THE DEFENDANTS OF THE CRIME OF MONEY LAUNDERING IN THE SECOND DEGREE, COMMITTED AS FOLLOWS:

THE DEFENDANTS, EACH AIDING THE OTHER AND ACTING IN CONCERT WITH OTHER PERSONS, ON OR ABOUT SEPTEMBER 11, 2007, IN THE COUNTY OF BRONX, COUNTY OF QUEENS AND ELSEWHERE IN THE STATE OF NEW YORK, KNOWING THAT ONE OR MORE MONETARY INSTRUMENTS REPRESENTED THE PROCEEDS OF CRIMINAL CONDUCT, TRANSPORTED, TRANSMITTED OR TRANSFERRED, ON ONE OR MORE OCCASIONS, MONETARY INSTRUMENTS WHICH IN FACT REPRESENTED THE PROCEEDS OF THE CRIMINAL OF A CONTROLLED SUBSTANCE WITH THE INTENT TO PROMOTE THE CARRYING ON OF CRIMINAL CONDUCT AND, THE TOTAL VALUE OF SUCH MONETARY INSTRUMENT OR INSTRUMENTS EXCEEDED FIFTY THOUSAND DOLLARS.

### FOURTH COUNT

THE GRAND JURY OF THE COUNTY OF QUEENS BY THIS INDICTMENT, ACCUSE THE DEFENDANT OSCAR CASILLAS OF THE CRIME OF

CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVENTH DEGREE COMMITTED AS FOLLOWS:

THE DEFENDANT, OSCAR CASILLAS, ON OR ABOUT SEPTEMBER 11, 2007, IN THE COUNTY OF BRONX, COUNTY OF QUEENS AND ELSEWHERE IN THE STATE OF NEW YORK KNOWINGLY AND UNLAWFULLY POSSESSED A NARCOTIC DRUG, TO WIT: HEROIN.

FIFTH COUNT

THE GRAND JURY OF THE COUNTY OF QUEENS BY THIS INDICTMENT, ACCUSE THE DEFENDANTS OSCAR CASILLAS, JOSEPH RIVAS, GAMALIER SILVA, DAVID FIGUEROA, ACTING IN CONCERT WITH OTHER PERSONS, OF THE CRIME OF CONSPIRACY IN THE SECOND DEGREE, COMMITTED AS FOLLOWS:

THE DEFENDANTS OSCAR CASILLAS, JOSEPH RIVAS, GAMALIER SILVA, DAVID FIGUEROA, ACTING IN CONCERT WITH OTHER PERSONS, WITH INTENT THAT CONDUCT CONSTITUTING A CLASS 'A' FELONY BE PERFORMED, AGREED WITH ONE OR MORE PERSONS TO ENGAGE IN OR CAUSE THE PERFORMANCE OF SUCH CONDUCT. IN FURTHERANCE OF THIS CONSPIRACY, DURING WHICH THE DEFENDANTS AND OTHERS AGREED TO POSSESS AND TO SELL NARCOTICS IN EXCESS OF EIGHT OUNCES, WHICH WOULD CONSTITUTE A CLASS 'A' FELONY,, THE FOLLOWING OVERT ACTIONS WERE TAKEN:
(1) On July 10, 2007 at approximately 12:30 p.m. Oscar Casillas

transferred an amount of United States Currency in excess of $100,000 to another person in Queens County.

(2) On July 24, 2007 at approximately 8:00 p.m. Oscar Casillas and Joseph Rivas transferred an amount of United States Currency to an unidentified male in Queens County.

(3) On August 4, 2007 at approximately 11:43 a.m. Oscar Casillas and Joseph Rivas had a telephone conversation, which was intercepted in Queens County, regarding a shipment of cocaine.

(4) On August 18, 2007 at approximately 3:44 p.m. Oscar Casillas had a telephone conversation, which was intercepted in Queens County, with an unidentified male during which they agreed to ship a quantity of cocaine.

(5) On August 22, 2007 at approximately 1:51 p.m. Oscar Casillas and Joseph Rivas had a telephone conversation, which was intercepted in Queens County, during which they discussed the sale of cocaine.

(6) On August 22, 2007 at approximately 1:56 p.m. Joseph Rivas had a telephone conversation, which was intercepted in Queens County, with an unidentified male during which they discussed the purchase of a quantity of cocaine.

(7) On August 24, 2007 at approximately 1:07 p.m. Joseph Rivas left a telephone message for Gamalier Silva, which was intercepted in Queens County, during which Rivas discussed storing a quantity of cocaine.

(8) On August 24, 2007 at approximately 1:12 p.m. Joseph Rivas

had a telephone conversation, which was intercepted in Queens County, with Gamalier Silva during which Rivas asked Silva to store a quantity of cocaine at his home.

(9) On September 7, 2007 at approximately 4:39 p.m. Joseph Rivas had a telephone conversation, which was intercepted in Queens County, with Oscar Casillas during which they discussed the storage of a quantity of cocaine.

(10) On September 11, 2007 at approximately 2:15 p.m. David Figueroa transferred a quantity of United States currency to Joseph Rivas in Bronx County.

(12) On September 11, 2007 at approximately 2:40 p.m. David Figueroa transferred a quantity of United States currency to Oscar Casillas in Bronx County.

(13) On September 11, 2007 at approximately 4:14 p.m. Oscar Casillas had a telephone conversation, which was intercepted in Queens County, with Gamalier Silva, during which Casillas told Silva that he was coming to his apartment.

(14) On September 11, 2007 at approximately 4:30 p.m. Oscar Casillas and David Figueroa arrived at Gamalier's Silva's residence in Bronx County to pick up a quantity of cocaine.

(15) On September 11, 2007 at approximately 4:30 p.m. Gamalier Silva placed a telephone call to Oscar Casillas, which was intercepted in Queens County, during which he asked Casillas if he had arrived at his residence.

(16) On September 11, 2007 at approximately 5:10 p.m. Joseph

Rivas arrived at Gamalier Silva's residence, in Bronx County, to pick up a quantity of cocaine.

(17) On September 11, 2007 at approximately 5:15 p.m. an apprehended other, Ivan Garcia arrived at 597 E. 138th Street, Bronx County, to deliver over 59,000 United States currency to Joseph Rivas.

(18) On September 11, 2007 at approximately 5:05 p.m. 49 bricks containing cocaine was recovered from 420 E. 146th Street, apartment 308, Bronx, which is Gamalier Silva's residence.

(19) On September 12, 2007 at approximately 12:05 a.m. cocaine packaging and records of narcotics transactions were recovered from Joseph Rivas's store, the Computer Doctor located 597 E. 138th Street, Bronx.

(20) On September 12, 2007 at approximately 12:05 a.m. an excess of 391,000 United States currency, an electronic money counter and a quantity of heroin was recovered from Oscar Casillas's apartment, located at 908 Tiffany Street, Apartment 5C, Bronx County.

(21) On September 13, 2007 at approximately 12:00 p.m. an excess of $24,000 was recovered from an account in the name of "Computer Doctor"

DISTRICT ATTORNEY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: CRIMINAL TERM: PART: TAP A
---------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

                -against-

**JOSEPH RIVAS,**

                              Defendant

**DEMAND FOR NOTICE OF ALIBI PURSUANT TO CPL § 250.20**

**IND #: QN10973/2007**

---------------------------------------------------------------X

### PURSUANT TO THE ATTACHED INDICTMENT:

**PLEASE TAKE NOTICE** that the People demand that defendant serve, within eight (8) days of the service thereof, upon the undersigned, a notice of alibi reciting:

    a.    The place or places where the defendant claims to have been at the time of commission of the crime charged, and

    b.    The names, the residential addresses, the places of employment with the addresses thereof of every alibi witness upon whom he intends to rely.

**PLEASE TAKE NOTICE** that the notice of alibi must be served upon the undersigned if the defendant intends to offer such testimony.

**PLEASE TAKE FURTHER NOTICE** that if said notice is not served as prescribed, the defendant will be precluded from the offering of such testimony.

DATED:    Kew Gardens, New York
                December 1, 2007

Respectfully submitted,

RICHARD A. BROWN
DISTRICT ATTORNEY
QUEENS COUNTY

BY: _/s/ Nicole Sharples_

**NICOLE SHARPLES**
Assistant District Attorney
NARCOTICS INVESTIGATIONS Bureau
(718) 286-6654

TO:    Clerk of the Court, PART: TAP A

        Attorney for Defendant
        Rudy Velez, Esq.
        930 Grand Concourse Suite 1A
        Bronx, New York 10454

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: CRIMINAL TERM: PART: TAP A
-------------------------------------------------- X

THE PEOPLE OF THE STATE OF NEW YORK

    -against-

JOSEPH RIVAS,

        Defendant.

-------------------------------------------------- X

**DEMAND NOTICE**
**FOR DISCOVERY**
**IND #: QN10973/2007**

**PLEASE TAKE NOTICE**, that the District Attorney of Queens County demands, pursuant to Section 240.30 of the Criminal Procedure Law, that within 15 days you disclose to the People and make available for inspection, photographing, copying or testing the following property:

(a) Any written report or document, or portion thereof, concerning a physical or mental examination, or scientific test, experiment, or comparisons, made by or at the request or direction of, the defendant, if the defendant intends to introduce such report or document at trial, or if defendant has filed a notice of intent to proffer psychiatric evidence and such report or document relates thereto, or if such report or document was made by a person other than defendant, whom defendant intends to call as a witness at trial; and

(b) any photograph, drawing, tape, or other electronic recording which the defendant intends to introduce at trial.

**PLEASE TAKE FURTHER NOTICE** that the District Attorney of Queens County demands that in the event the property referred to herein is not in your possession at the time of service of this notice and subsequently comes into your possession that within 15 days from the time of said possession, you disclose and make available to the People for inspection, photographing, copying or testing any and all of said property.

**PLEASE TAKE FURTHER NOTICE** that the District Attorney of Queens County demands that within 15 days of the date hereof you specify the particular paragraph of paragraphs of subdivision 1 of Section 250.10 of the Criminal Procedure Law upon which you intend to rely.

DATED:    Kew Gardens, New York
             December 1, 2007

Respectfully Submitted,

RICHARD A. BROWN
DISTRICT ATTORNEY
QUEENS COUNTY

BY: *Nicole Sharples*
NICOLE SHARPLES
Assistant District Attorney
NARCOTICS INVESTIGATIONS Bureau
(718) 286-6654

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS:CRIMINAL TERM: PART: TAP A

---------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

IND #: QN10973/2007

-against-

**JOSEPH RIVAS**

                              Defendant.

---------------------------------------------------------------X

## NOTICE OF READINESS FOR TRIAL
## PURSUANT TO CPL § 30.30

**PLEASE TAKE NOTICE**, that the People are ready for trial in the above-captioned case.

**PLEASE TAKE NOTICE** that the undersigned will be the Assistant District Attorney assigned to the trial of this case on behalf of the People. Accordingly, all correspondence, requests, demands, inquiries, papers, notices and motions should be addressed to her/him at the Queens County District Attorney's Office, NARCOTICS INVESTIGATIONS Bureau, 125-01 Queens Boulevard, Kew Gardens, NY 11415.

DATED:    Kew Gardens, New York
                 December 6, 2007

Respectfully submitted,

RICHARD A. BROWN
DISTRICT ATTORNEY
QUEENS COUNTY

BY: _/s/ Nicole Sharples_

**NICOLE SHARPLES**
Assistant District Attorney
NARCOTICS INVESTIGATIONS Bureau
(718) 286-6654

TO:    Clerk of the Court, PART: TAP-A

        Attorney for Defendant
        Rudy Velez, Esq.
        930 Grand Concourse Suite 1A
        Bronx, New York 10454

```
 1   SUPREME COURT OF THE STATE OF NEW YORK
     QUEENS COUNTY : CRIMINAL TERM : PART K-9
 2   ------------------------------------------X
     PEOPLE OF THE STATE OF NEW YORK,
 3
                                    Ind. No.
 4                                  N10973-2007

 5              -against-           TRIAL
                                    EXCERPT
 6   JOSEPH RIVAS,

 7                       Defendant.
     ------------------------------------------X
 8
                           Supreme Courthouse
 9                         125-01 Queens Boulevard
                           Kew Gardens, New York 11415
10                         January 7, 2009

11

12   B E F O R E:
              THE HONORABLE JOHN B. LATELLA,
13                    J U S T I C E

14   A P P E A R A N C E S:

15      HONORABLE RICHARD A. BROWN
            For the People
16          District Attorney - Queens County
            125-01 Queens Boulevard
17          Kew Gardens, New York
        BY: JONATHAN DARCHE, ESQ., of Counsel
18      AND: CHHEDA AJAY, ESQ., of Counsel
            Assistant District Attorneys
19

20      RUDY VELEZ, ESQ.,
            For the Defendant
21          930 Grand Concourse
            Bronx, New York 10451
22

23

24                              ENYDE HUNTER
                                Senior Court Reporter
25
```

eh

1  THE COURT: I understand your argument. I
2  don't need any further argument on this point.
3       The defendant has raised the issue as to
4  whether Queens County is the proper venue for the
5  trial of this indictment. To prevail against
6  this claim, the People must show by a
7  preponderance of the evidence that Queens is the
8  proper venue by showing either that, one, conduct
9  occurred within this county sufficient to
10 establish an element of the crimes charged or
11 conspiracy to do so, or two, that conduct
12 occurring outside of the county was likely to
13 have an effect here and was performed with
14 knowledge that it would have that effect.
15      Here, Mr. Rivas is charged with possessing
16 cocaine, unlawfully laundering money, and
17 conspiring with others to do so. There is no
18 question that all of the drugs and money
19 recovered in this case were recovered in the
20 Bronx, nor is there any question that all of the
21 telephone calls intercepted pursuant to court
22 ordered wiretaps took place from lines which
23 originated either in the Bronx or in other
24 locations within and without New York State, but
25 that none of them originated from a telephone

eh

1  number in Queens.
2       The only evidence put forth by the People to
3  establish that this county is the proper venue
4  for this action is that on July 24th of 2007
5  Mr. Rivas was seen driving a car from a location
6  in the Bronx to Queens with Oscar Casillas and
7  delivering a Dell computer box containing an
8  unknown object to another person.
9       There was no testimony that the computer box
10 brought to Queens contained any amount of money
11 or cocaine, or that it was in anyway an act in
12 furtherance of the alleged conspiracy to possess
13 cocaine on September 11th of 2007.
14      As the People have shown, Mr. Rivas owns and
15 operates a business in the Bronx known as
16 Computer Doctor that, in which he sells and
17 repairs all types of computers. His conduct on
18 July 24, 2007 is just as consistent with a
19 proprietor delivering a computer or computer
20 parts, such as batteries or power packs to a
21 customer, as it is with the delivery of money or
22 drugs to a customer, as the People contend.
23      While there may have been other evidence
24 linking Mr. Rivas to this alleged conspiracy, all
25 of it occurred in the Bronx or elsewhere out of

eh

1  the State of New York, but certainly not in
2  Queens County. Under these circumstances, the
3  mere fact of driving from the Bronx to Queens on
4  July 24th of 2007 is insufficient to establish by
5  a preponderance of the evidence that this county
6  is the proper venue for this action.
7       In making this determination, I note that
8  as the finder of fact I specifically do not
9  credit the testimony of Detective Scott Purcell
10 concerning the black object he allegedly saw
11 being placed in the Dell computer box in the size
12 and shape of a stack of money. There was no
13 testimony from Detective Purcell as to his
14 position from which he made his alleged
15 observation, or as to the actual size and shape
16 of this alleged black object.
17      While there was testimony from Detective
18 Lensky, which I credit, that the bricks of
19 cocaine that were recovered from the apartment of
20 Gamliar Silva, in the Bronx, had a black
21 appearance, there was no testimony that any of
22 the packages of United States currency that were
23 recovered either at the apartment of Oscar
24 Casillas, in the Bronx, or from Ivan Garcia, in
25 front of an address in the Bronx, was packaged in

eh

anyway so as to give it the appearance of a black object as described by Detective Purcell. Moreover, there was no testimony that the person to whom the Dell computer box was allegedly delivered in Queens on July 24th of 2007 was indeed Ivan Garcia, who was arrested in the Bronx in possession of a substantial amount of United States currency.

Accordingly, for these reasons I find that the People have failed to establish geographical venue in Queens by a preponderance of the evidence, and the indictment is, in all respects, dismissed. This will constitute the decision and order of the Court.

MR. VELEZ: Will my client be released?

THE COURT: Yes, as long as there are no other holds.

(Whereupon, at this time the defendant was escorted out of the courtroom.)

*******************************************

CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT OF THE ORIGINAL MINUTES TAKEN OF THIS PROCEEDING.

ENYDE HUNTER
Senior Court Reporter

eh