SUPREME COURT OF THE STATE OF NEW YORK
CITY OF NEW YORK
COUNTY OF NEW YORK
CRIMINAL TERM: SPECIAL NARCOTICS PARTS

THE PEOPLE OF THE STATE OF NEW YORK

-Against-

JOSEPH RIVAS,

                Defendant.

THE GRAND JURY OF THE SPECIAL NARCOTICS COURT OF THE CITY OF NEW YORK, by this indictment, accuse the defendant of the crime of Criminal Possession of a Controlled Substance in the First Degree, P.L. § 220.21(1), committed as follows:

The defendant, acting in concert with other persons, on or about September 11, 2007, in the County of the Bronx, knowingly and unlawfully possessed one or preparations, compounds, mixtures or substances containing a narcotics drug, to wit, cocaine, and said preparations, compounds, mixtures or substances were of an aggregate weight of eight ounces or more.

SECOND COUNT

AND THE GRAND JURY AFORESAID, by this indictment, accuse the defendant of the crime of Criminal Possession of a Controlled Substance in the Third Degree, P.L. § 220.16(1), committed as follows:

The defendant, acting in concert with other persons, on or about September 11, 2007, in the County of the Bronx, knowingly and unlawfully possessed a narcotic drug, to wit, cocaine, with intent to sell the same.

THIRD COUNT

AND THE GRAND JURY AFORESAID, by this indictment, accuse the defendant of the crime of Money Laundering in the Second Degree, P.L. § 470.15(1)(a)(i)(A), committed as follows:

The defendant, in the County of the Bronx, on or about September 11, 2007, knowing that the property involved in one or more financial transaction represented the proceeds of the criminal sale of a controlled substance, conducted one or more financial transactions, which in fact involved the proceeds of the criminal sale of a controlled substance, with the intent to promote the carrying on of specified criminal conduct, and the total value of the property involved in such transaction or transactions exceeded fifty thousand dollars.

FOURTH COUNT

AND THE GRAND JURY AFORESAID, by this indictment, accuse the defendant of the crime of Conspiracy in the Second Degree, P.L. § 105.15, committed as follows:

The defendant, in the County of the Bronx and elsewhere, from on or about August 4, 2007 through on or about September 11, 2007, with the intent that conduct constituting a Class 'A' Felony be performed, agreed with one or more persons to engage in or cause the performance of such conduct. In furtherance of this conspiracy, during which the defendant and others agreed to possess and to sell narcotics in excess of eight ounces, which would constitute a Class 'A' Felony, the following overt acts were committed:

(1) On August 4, 2007, at approximately 11:43 a.m., defendant had a telephone conversation with Oscar Casillas regarding the shipment of cocaine.

(2) On August 22, 2007, at approximately 1:51 p.m., defendant had a telephone conversation with Oscar Casillas regarding the sale of cocaine.

(3) On August 22, 2007, at approximately 1:56 p.m., defendant had a telephone conversation with an unknown male regarding the purchase of a quantity of cocaine.

(4) On August 24, 2007, at approximately 1:07 p.m., defendant left a telephone message for Gamalier Silva, regarding storing a quantity of cocaine.

(5) On August 24, 2007, at approximately 1:12 p.m., defendant had a telephone conversation with Gamalier Silva, during which the defendant asked Silva to store a quantity of cocaine in Silva's home.

(6) On September 7, 2007, at approximately 4:39 p.m., defendant had a telephone conversation with Oscar Casillas during which they discussed the storage of a quantity of cocaine.

(7) On September 11, 2007, at approximately 4:30 p.m., Gamalier Silva had a telephone conversation with Oscar Casillas, during which Silva asked Casillas if Casillas had arrived at Silva's apartment yet.

(8) On September 11, 2007, at approximately 5:10 p.m., Gamalier Silva had a telephone conversation with Oscar Casillas, during which Silva asked Casillas if Casillas had arrived at Silva's apartment yet.

(9) On September 11, 2007, at approximately 5:10 p.m., defendant went to 420 East 146th Street, Bronx, to supervise the transfer of the 49 bricks of cocaine recovered from Gamalier Silva's apartment, 420 East 146th Street, apartment 308, to David Figueroa.

                                                          BRIDGET G. BRENNAN
                                                          Special Assistant District Attorney

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 23
-------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

                       DECISION AND ORDER
                       IND.# 3785/09

  - against -

JOSEPH RIVAS,

    Defendant.
-------------------------------------------------------------x

Laura A. Ward, J.:

    The defendant was previously prosecuted and tried in Queens County. At the conclusion of the presentation of all the evidence, the defendant moved for a trial order of dismissal, arguing that the court did not have jurisdiction because none of the crimes or activities relating to the crimes took place in Queens County and therefore Queens was an improper venue for prosecution of the defendant. The judge presiding over the trial granted the defendant's motion concluding, based upon his analysis of the evidence, that "I find that the People have failed to establish geographical jurisdictional venue in Queens by a preponderance of the evidence, and the indictment is, in all respects, dismissed." (*People v. Joseph Rivas*, Trial Excerpt transcript ["Transcript"] at p. 5).

    On July 30, 2009, the defendant was indicted by the New York City Special Narcotics Grand Jury. The defendant was arraigned on the indictment on September 3, 2009. The defendant, without setting forth any reasons, has requested that this court allow him to hold in abeyance a variety of motions usually contained in an omnibus motion. The defendant has, however, moved to dismiss the case on the ground that re-prosecution would place the defendant in double jeopardy and is therefore prohibited. The defendant has also moved to dismiss on the ground that the defendant has been deprived of his right to a speedy trial, for release of the defendant in the interest of justice and to prohibit the People from inquiring into the defendant's criminal history or prior bad acts.

## DOUBLE JEOPARDY

    Subdivision one of Criminal Procedure Law ("C.P.L.") § 40.20 provides that a "person may not be twice prosecuted for the same offense." Subdivision two of C.P.L. § 40.20

1

sets forth exceptions, none applicable here, to the prohibition set forth in subdivision one. C.P.L. § 40.30 sets forth the circumstances under which a person is considered to have been previously prosecuted. C.P.L. § 40.30(1) provides, in pertinent part that

> Except as otherwise provided in this section, a person "is prosecuted" for an offense, within the meaning of section 40.20, when he is charged therewith by an accusatory instrument filed in a court of this state or of any jurisdiction within the United States, and when the action...:
> (b) Proceeds to the trial stage and a jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn.

However, C.P.L. § 40.30(2) provides, in pertinent part that "[d]espite the occurrence of proceedings specified in subdivision one, a person is not deemed to have been prosecuted for an offense, within the meaning of section 40.20, when: (a) Such prosecution occurred in a court which lacked jurisdiction over the defendant or the offense."

The defendant argues that C.P.L. § 40.30(2)(a) is inapplicable here because the judge in Queens "had issues with the strength of the case and with the credibility of one of the testifying Detectives (sic)" and dismissed the indictment "in all respects." (Defense counsel's Affirmation at p. 6, ¶ 12). Review of the Transcript reveals that the defendant's interpretation of the statements made by the Queens judge are at a minimum incorrect, and tend to be misleading. While the Queens judge did include the remarks quoted above, a full reading of the Transcript makes clear that the Queens judge's comments were directed solely at the detectives credibility with respect to events alleged to have occurred in Queens County and the dismissal "in all respects" was based solely on the lack of geographical venue.

The Second Department makes clear, that it "is made manifest... that a defendant who either was convicted or acquitted in a court which lacked geographical jurisdiction over him, or over the offense charged, may be retried in another forum having jurisdiction without the constitutional or statutory ban against double jeopardy being violated (see CPL 40.30)."( *Matter of Steingut v. Gold*, 54 A.D.2d 481, 485, fn. 4, affd. 42 N.Y.2d 311[1977] ) (cited with approval in *Taub v. Altman*, 3 N.Y.3d 30, 39 [2004]). The defendant's Queens case was dismissed on the defendant's motion, and solely on the ground that the court lacked jurisdiction over the defendant and the offense charged, prosecution in the proper forum is not barred as violating the

2

defendant's right not to be placed in double jeopardy. The defendant's motion to dismiss on the ground that he is being placed in double jeopardy as a result of this re-prosecution is denied.

## SPEEDY TRIAL

The defendant alleges that the failure of the People to be ready for trial within six months of the commencement of this case violated his right to a speedy trial.[1] Criminal Procedure Law ("C.P.L.") § 30.30(1)(a) provides that the prosecution must be ready for trial within "six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony." The defendant's sole argument is that more than six months have elapsed between the dismissal of the case in Queens County on January 7, 2009, and his first appearance in Part 23 of the Supreme Court in New York County on September 21, 2009.

The People, in response, cite to C.P.L. § 30.30(5)(a) in support of their argument that six months of includable time has not elapsed since the dismissal of the case in Queens County on January 7, 2009. C.P.L. § 30.30(5)(a) provides, in pertinent part, that

> where the defendant... is to be retried following a mistrial, an order for a new trial..., the criminal action and the commitment to the custody of the sheriff, if any, must be deemed to have commenced on the date the withdrawal of the plea of guilty or the date the order occasioning a retrial becomes final.

The People argue that, pursuant to C.P.L. § 30.30(5)(a), the action has not been deemed commenced because the order occasioning the retrial has never become final. The People assert, citing *People v. Washington*, 86 N.Y.2d 853 (1995), that "[a]n order does not become final until thirty days have elapsed after service of notice of judgment has been served on the losing party without the losing party filing an appeal." (People's Response at p. 6). The People argue that because they "never received notice from the defendant's counsel from the Queens trial...the order never became final for the purposes of" C.P.L. § 30.30(5)(a) and that "none of the time between the end of the Queens case and the filing of the indictment in the

---

[1] From January 7, 2009 to the present, the People have not announced that they were ready to try the defendant.

3

instant case are chargeable to the People." (People's Response at p. 6).

*People v. Washington, Id.,* dealt with the provisions of C.P.L. § 460.10(1)(a) which set forth the time period for taking an appeal. The Court, construing the provisions of *that section*, held that C.P.L. § 460.10(1)(a) required "prevailing party service in order to commence the time for filing a notice of appeal." The People have not provided this court with any case law which sets forth the same requirement emanating from C.P.L. § 30.30(5)(a) and case law does not support the People's position.

In *People v. Merrihew*, 301 A.D.2d 970 (3rd Dept, 2003), in the midst of a jury trial, a mistrial was declared. The mistrial was declared on May 26, 1999, and a new trial was commenced in January of 2000. The defendant moved to dismiss on speedy trial grounds and that motion was denied. Following his conviction, the defendant appealed the denial of his speedy trial motion. Applying C.P.L. § 30.30(5)(a), the Appellate Division stated that "once County Court declared a mistrial upon its own motion on May 26, 1999, the People had until November 26, 1999, to declare themselves 'ready for trial.'" (at p. 971). (*see also: People v. Contrearas*, 227 A.D.2d 907 (4th Dept, 1996); *People v. Holmes*, 105 A.D.2d 803 (2nd Dept, 1984); *People v. Passero*, 96 A.D.2d 721 (4th Dept, 1983)). Therefore, the People were required to announce their readiness to retry the defendant by July 7, 2009, six months from the dismissal of the Queens case. The People's failure to announce their readiness by July 7, 2009, requires that the entire period between January 7, 2009, and September 21, 2009, be included in computing the time within which the People must be ready for trial, unless any periods are excludable pursuant to C.P.L. § 30.30 (4).

The People argue that the period from July 30, 2009, the day the defendant was indicted, through September 1, 2009, the day the defendant was arraigned, is excluded in computing the time within which the People must be ready for trial. The People argue that the defendant was unavailable during this period and that they exercised due diligence in attempting to obtain his presence and thus the period is excluded pursuant to C.P.L. § 30.30(4)(c)(i).

Criminal Procedure Law § 30.30(4)(c)(i) provides for the exclusion "of the period of delay resulting from the absence or unavailability of the defendant." Criminal Procedure Law § 30.30(4)(c)(i) states that "[a] defendant must be considered unavailable whenever his location

4

is known but his presence for trial cannot be obtained by due diligence." The People concede that they knew where the defendant lived and worked. While the People allege that beginning August 12, 2009, detectives conducted surveillance on five occasions at the defendant's place of business, they also state that the detectives never conducted surveillance of the defendant's home because they were concerned that he would flee the jurisdiction.

This court fails to understand how going to the defendant's home would cause him to flee the jurisdiction any more than going to his place of business. The failure to conduct surveillance of or visit the defendant's home during the two month period establishes the prosecution's failure to exercise due diligence. Therefore, the period between July 30, 2009, and September 1, 2009, is not excluded, pursuant to C.P.L. § 30.30(4)(c)(i), in computing the time within which the People must be ready for trial.

The People's failure, since January 7, 2009, to indicate that they were ready to try the defendant, requires dismissal pursuant to C.P.L. §§ 30.30(1)(a) and 210(1)(g). Therefore, the defendant's motion to dismiss on the ground that he has been denied his right to a speedy trial is granted.

The foregoing is the decision and order of the court.

Dated: New York, New York
       November 5, 2009

*/s/ Laura A. Ward*
Laura A. Ward
Acting Justice Supreme Court

5